# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DAMION R. THOMAS,                      :
                                       :
            Plaintiff,                 :
                                       :
      v.                               : Civ. No. 22-166-CFC
                                       :
JAMES T. VAUGHN CORRECTIONAL           :
CENTER MEDICAL DEPARTMENT,             :
et al.,                                :
                                       :
            Defendants.                :

_____

Damion R. Thomas, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se
Plaintiff.


### MEMORANDUM OPINION


July 11, 2022
Wilmington, Delaware

*Cohn F. Connolly*

**CONNOLLY, Chief Judge:**

## I.   INTRODUCTION

Plaintiff Damion R. Thomas, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 1)  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  He has filed a request for counsel.  (D.I. 6)  The Court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

## II.   BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff claims Defendants violated his rights to medical aid under the Eighth Amendment to the United States Constitution.  He provides occurrence dates of March 24, 2201 and August 3, 2021 until "now."  (D.I. 1 at 7)

Plaintiff began suffering from right hip pain in mid-2020.  (*Id.*)  In the beginning of 2021 the pain escalated to numbness and tingling on the right side from the shoulder down to the right foot.  (*Id.*)  Plaintiff had multiple meetings with Defendant nurse practitioner William Igna.  (*Id.* at 10)  Plaintiff alleges that he was not taken seriously, was told he was exaggerating his symptoms, and there was continuous refusal to see him for months at a time.  (*Id.*)  On an unknown date, Igna told Plaintiff that he was "at the end of his rope," his hands were tied, and to "protect himself . . . the only thing he [could] do is refer [Plaintiff] to the prison doctor."  (*Id.* at 10-11)  Plaintiff's grandmother contacted Defendant Captain Dotson in mid-2021 who was helpful in having a nurse evaluate Plaintiff.  (*Id.* at 11)  Plaintiff alleges that Dotson then returned Plaintiff to his

cell with no progress made toward treatment.  (*Id.*)  Two to three weeks later Plaintiff

was evaluated by Defendant Dr. Adah.  (*Id.*)  Plaintiff alleges that Defendant JTVCC

Warden is responsible for the unnecessary delay in treatment.  (*Id.*)

Plaintiff submitted multiple grievances.  He alleges that Defendants Kristin H.

Scott, Lisa B. Brooks, Daniel J. Saxton, and Matthew Wofford are the medical staff who

conducted the grievance hearings.  (*Id.* at 11)  Plaintiff alleges that they "deliberately

ignored his pleas for help" and upheld his grievances to be revisited upon completion of

medical tests that never happened or were never approved.  (*Id.*)

On August 3, 2021, Plaintiff and another inmate had a physical altercation and

Plaintiff was injured.  (*Id.*)  Plaintiff was evaluated in the infirmary by medical staff and

received stiches on his left eye and right hand.  (*Id.* at 8)  Plaintiff also suffered head

lacerations for which he did not receive stiches.  (*Id.*)  Plaintiff underwent a neurological

exam in the form of a questionnaire, but he did not receive a CT scan or an MRI.  (*Id.*)

Plaintiff alleges that since then, he has suffered from a number of ailments that are

worsening and debilitating.  (*Id.*)  He alleges that he has not been treated or diagnosed

and medical staff does not take his condition seriously.  (*Id.* at 8-9)

An x-ray of Plaintiff's spine conducted in mid-2021 was normal.  (*Id.* at 9)  Plaintiff

saw the prison doctor in September 2021 and was told there was approval for a brain

and cervical spine MRI, but only the brain MRI was approved.  (*Id.* at 9)  Plaintiff alleges

that Defendant Dr. Kondash denied the consult for the cervical spine MRI because

"patient does not meet criteria" and contends that the test would have been beneficial to

Plaintiff's treatment in detecting his new injury.  (*Id.* at 11-12)  On December 23, 2021

Plaintiff was transported to have the test performed, but he arrived two hours late and

2

the test was rescheduled.  (*Id.* at 9)  Plaintiff alleges that as of January 5, 2022 he has yet to receive the test.  (*Id.*)

Prior to the December test, Plaintiff submitted multiple requests for a transfer to the infirmary because he was in a dangerous environment and could not properly defend himself due to his injuries.  (*Id.* at 14)  He alleges that all his requests went unanswered.  (*Id.*)

Defendant physical therapist "Mary" recommended stretches and workouts that irritated and provoked Plaintiff's injury and make his symptoms worse.  (*Id.* at 12-13)  Plaintiff also alleges that Mary could not perform a proper evaluation because Plaintiff was cuffed behind his back.  (*Id.* at 13)

Plaintiff alleges that he was forced to withstand needless pain and suffering due to negligence and refusal of treatment.  (*Id.* at 9)  He seeks injunctive relief and compensatory damages.  (*Id.* at 15)

## III.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of*

*Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93
(2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his
Complaint, "however inartfully pleaded, must be held to less stringent standards than
formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See*
*Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490
U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112
(3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably
meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual
scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523,
530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant
to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when
deciding Rule 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d
Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a
claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for
failure to state a claim upon which relief can be granted pursuant to the screening
provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to
amend his complaint unless amendment would be inequitable or futile.  *See Grayson v.*
*Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in
the complaint as true and viewing them in the light most favorable to the plaintiff, a court

concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

5

## IV.    DISCUSSION

### A.    Eleventh Amendment

Defendant JTVCC Medical Department is immune from suit.  The Eleventh
Amendment of the United States Constitution protects an unconsenting state or state
agency from a suit brought in federal court by one of its own citizens, regardless of the
relief sought.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54  (1996); *Pennhurst
State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651
(1974).  The Delaware Department of Correction is an agency of the State of Delaware
and the JTVCC medical department falls under the umbrella of the DOC.  The State of
Delaware has neither consented to Plaintiff's suit nor waived its immunity.  Therefore,
the claims against JTVCC Medical Department will be dismissed as it is immune from
suit.

### B.    Respondeat Superior

Plaintiff alleges in a conclusory manner that the JTVCC Warden is responsible
for the unnecessary delay in his medical treatment.  He appears to raise this claim
based upon the Warden's supervisory position.  It is well-established that there is no
respondeat superior liability under § 1983.  *See Parkell v. Danberg*, 833 F.3d 313, 330
(3d Cir. 2016).  Here, Plaintiff's vague and conclusory allegations do not suffice to
impose liability upon the warden.  *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir.
2007) (defendant in a civil rights action "cannot be held responsible for a constitutional
violation which he [ ] neither participated in nor approved"; personal involvement in the

alleged wrong is required.)  The Warden will be dismissed as a defendant for the reasons discussed.

### C.     Grievance Committee Members

Plaintiff alleges that medical staff Scott, Brooks, Saxton, and Wofford conducted the grievance hearings, deliberately ignored his pleas for help, and upheld his grievances to be revisited upon completion of medical tests that never happened or were never approved.  The filing of prison grievances is a constitutionally protected activity.  *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006).  To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process."  *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

To the extent Plaintiff alleges that the foregoing Defendants were deliberately indifferent to his serious medical needs, the claims also fail, as they are alleged in a conclusory manner.[1]  Notably Plaintiff's grievances were upheld, not denied, and this does not point to deliberate indifference.  Nor are there allegations that any of the foregoing Defendants were involved in approval or denial of medical tests that Plaintiff sought.  Rather, they planned to revisit Plaintiff's grievance once test results were available.

---

[1] *See* Paragraph IV.D., *infra*, which discusses deliberate indifference to serous medical needs.

The claims fail as alleged.  Therefore, the claims against Scott, Brooks, Saxton, and Wofford will be dismissed.

**D.     Medical Claims**

Plaintiff raises medical claims against the remaining defendants: Igna, Dotson, Dr. Kondash, Dr. Adah, and Mary.  The allegations fails to state cognizable claims as pled.

To set forth a cognizable Eighth Amendment claim for inadequate medical care, a prisoner must allege (1) a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison authorities, however, are "accorded considerable latitude in the diagnosis and treatment of prisoners," *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993), and "disagreement as to the proper medical treatment" does not give rise to a constitutional violation, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

With respect to Igna, Dotson, Dr. Adah, Dr. Kondash, and Mary, the Complaint fails to allege deliberate indifference.  By Plaintiff's own allegations, he was seen by Igna on multiple occasions and Igna ultimately referred Plaintiff to the prison doctor. Dotson was helpful in having Plaintiff evaluated by nurse and, Dotson, as a correctional officer, was not responsible for later treatment provided to Plaintiff.  Plaintiff was evaluated by Dr. Adah and Dr. Kondash and he received physical therapy from Mary.

Even if these medical defendants were negligent in providing treatment, an issue not decided by the Court, medical negligence without accompanying deliberate indifference does not rise to the level of a constitutional violation. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Finally, Plaintiff's disagreement with the treatment provided and denial of the cervical MRI do not state a constitutional claim.

Accordingly, the Court will dismiss the medical claims against the foregoing Defendants. The Court finds amendment futile.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's request for counsel (D.I. 6); and (2) dismiss the Complaint pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2).

An appropriate order will be entered.